## 10025

### FAIREY v. HAYNES.
### (96 S. E. 694.)

1. EVIDENCE—RECORDED MORTGAGE—PROOF OF EXECUTION.—Under Civ. Code 1902, secs. 4001, 4002, in action for personalty claimed under chattel mortgage, where plaintiff gave notice he would offer original mortgage, without formal proof of execution, for inaccessibility of subscribing witness, and defendant gave no notice of intention to attack mortgage for fraud in execution, at prior trials defendant having testified he executed it, plaintiff was properly allowed to put instrument in evidence without formal proof by subscribing witness.

2. CHATTEL MORTGAGES—ACTION FOR PERSONALTY—EVIDENCE.—In action for possession of personalty claimed under chattel mortgage, evidence as to another mortgage of a prior date *held* admissible, as relevant to show what subsequent mortgage was made up from and included.

3. CHATTEL MORTGAGES—ACTION—EVIDENCE.—In action · for possession of personalty claimed under chattel mortgage given for balance of $275 due on principal of real estate mortgage debt, testimony as to a receipt for the amount *held* competent and admissible, over the objection that it was *res judicata.*

4. TRIAL—ARGUMENT OF MOTION FOR DIRECTED VERDICT—FAILURE TO SEND OUT JURY.—In action for personalty under chattel mortgage, trial Court did not err in not sending jury out while defendant's motion for directed verdict, on ground there was no testimony to support verdict for plaintiff, was being argued.

5. CHATTEL MORTGAGES—ACTION—INSTRUCTION.—In action for personalty under chattel mortgage, instruction that paper was executed under seal, and therefore defendant, if he executed it, was indebted to plaintiff in the amount named, was not erroneous, as releasing plaintiff from all proof other than of execution by defendant.

6. CHATTEL MORTGAGES—CONSIDERATION.—A chattel mortgage was effective to give rise to a claim to the personalty covered, though when defendant executed it he was already bound to pay the amount secured, and had previously executed other mortgages as security for his indebtedness to plaintiff.

7. CHATTEL MORTGAGES—ACTION—INSTRUCTION.—In action for possession of personalty claimed under chattel mortgage, trial Court did not err in refusing to charge, at defendant's request, that, if jury found that, at time of execution, defendant owed plaintiff amount named, his only debt to plaintiff, amounts of money paid plaintiff by defendant, as evidenced by receipts dated on the day of execution, must be applied to the debt.

Before MOORE, J., Orangeburg, Fall term, 1917. Affirmed.

Action by W. C. Fairey against William Haynes. From judgment for plaintiff, defendant appeals.

The exceptions, directed to be reported, were as follows:

(1) It is respectfully submitted that his Honor, the Circuit Judge, erred in overruling the defendant's objection to the admitting in evidence of the chattel mortgage alleged in the complaint, without first proving the execution of the said

chattel mortgage, which objection was "that the execution of the chattel mortgage must first be proven under the allegations of our answer." And his Honor also erred in ruling as follows: "You have not alleged anywhere that the execution of the instrument was secured through fraud." This ruling is error: (1) Because the allegations of the answer are sufficient to admit proof of fraud; and (2) because section 4001 of volume I, Code 1912, is not applicable under the pleading, and is unconstitutional under article I, sections 18 and 5, and is in violation of the Fourteenth Amendment to the Constitution of the United States, in that it deprives the defendant of his property without due process of law.

(2) Because his Honor erred in overruling the following objection: "We object to anything about the mortgage of 1911; we do not see how that would have any bearing on this case. * * * The Court: I think that it would be relevant, if this payment was made on another debt, and that is what I understand the contention is. I think it is relevant for him to show what the paper was made up from." This is error because the plaintiff was only an indorser at the Rowesville Bank, and it does not appear that plaintiff ever paid the debt, nor does it appear that the bank ever proceeded to judgment on that mortgage.

(3) Because his Honor erred in overruling defendant's objection to the following question and answer thereto: "Q. You heard Moorer testify as to the receipt for two hundred and fifty dollars that he claims was paid on the mortgage in 1912?" The objection was: "We object to that testimony; it seems to us that is *res adjudicata*. The testimony would be incompetent."

(4) Because his Honor erred in refusing the motion for a direction of verdict for defendant, and in not sending the jury out while the motion was being argued, as requested. The motion was on the ground that there was no testimony to support a verdict for the plaintiff.

(5) Because his Honor erred in charging the jury as follows: "That paper is a paper executed under seal, and for that the defendant, William Haynes, if he is the party that executed the paper, is indebted to W. C. Fairey in the sum of three hundred and fourteen dollars and eighty-two cents." This charge is error, because it told the jury that, if the defendant executed the paper, he owed the plaintiff $314.82, and released the plaintiff from all other proof.

(6) Because his Honor erred in refusing to charge defendant's request as follows: "First. If you find from the testimony that the defendant promised what he was already bound to do, and that here was no present or future consideration for the signing of the chattel mortgage in question, then your verdict must be for the defendant."

(7) Because his Honor erred in refusing and failing to charge defendant's second request, which was: "But if you find from the evidence that, at the time of the signing of the chattel mortgage described in the complaint, the defendant owed the plaintiff the amount named in the mortgage, and that this was the only debt that the defendant owed the plaintiff on the 3d day of March, 1913, then I charge you as a matter of law that the amounts of money paid to the plaintiff by the defendant, as evidenced by the receipts dated March 3, 1913, must be applied to this debt, and if by such application the debt is extinguished your verdict must be for the defendant."

Defendant's requests to charge, with the remarks of the Court thereupon to the jury, were as follows:

"First. If you find from the testimony that the defendant promised what he was already bound to do, and that there was no present or future consideration for the signing of the chattel mortgage in question, then your verdict must be for the defendant." I cannot charge you that as it reads, because, if the defendant promised to do what he was already bound to do, the fact that he was bound to do it would be a sufficient consideration for the promise. That is not correctly stated.

I charge you the latter part of the proposition, that if there was no present nor future consideration for the signing of the chattel mortgage in question, then your verdict must be for the defendant. The plaintiff cannot recover if it was a mere voluntary giving of a chattel mortgage and did not represent any real debt. The burden would be on the defendant to establish that. I don't know that there is any evidence on that point, but that is a question for you as to whether there was any evidence on the point or not. Where a man signs a written obligation, acknowledging that a debt is due, the burden would be on him to show that there was some mistake, before he can claim that that acknowledgment is not evidence against him that there was a debt.

"Second. But if you find from the evidence that at the time of the signing of the chattel mortgage described in the complaint the defendant owed the plaintiff the amount named in the mortgage, and that this was the only debt that the defendant owed the plaintiff on the 3d day of March, 1913, then I charge you as a matter of law that the amounts of money paid to the plaintiff by the defendant, as evidenced by the receipts dated March 3, 1913, must be applied to this debt, and if by such application the debt is extinguished your verdict must be for the defendant." If you will properly consider that request, which I must further explain to you before I charge it, that request be charged; that is to say, if this was the only debt that the defendant owed the plaintiff, and the defendant did make a payment of an amount to pay the debt, then that would extinguish the debt, and the plaintiff could not recover. The fact that the defendant owed another debt, if he did, and that he paid that debt, if it were different from this debt, if it represented a different indebtedness, so that the payment did not pay this indebtedness in full, then such payment would not operate to extinguish the debt in question, the debt that is alleged by the plaintiff, if there was such debt, where the payment was made by the defendant, without any direction as to where it should be

applied. If the payment or payments were made upon another debt, which the defendant owed the plaintiff, then such payment would not operate to extinguish that debt, if it were a different debt.

*Mr. Jacob Moorer,* for appellants, submits: *That it was error to admit the 1913 mortgage in evidence, without the execution thereof being first proven:* Vol. I, Code 1912, sections 4001-4002. *The 1913 mortgage could be attacked for fraud:* 68 S. C. 109; 38 S. C. 277-278; 85 S. C. 130-1. *As to res judicata:* 47 S. C. 396-397.; 107 S. C. 167. *The motion for the direction of a verdict should have been granted:* 81 S. C. 111; 91 S. C. 22; 99 S. C. 350. *As to error in refusing defendant's requests to charge:* 90 S. C. 421-422.

*Mr. John S. Bowman,* for respondent, submits: *There was no error in admitting in evidence the chattel mortgage set forth in the complaint:* Code 1912, vol. I, sections 4001-4002. *Evidence of the transactions between the parties prior to the execution of the chattel mortgage of 1913, was properly admissible:* 107 S. C. 116.

June 20, 1918.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This is the third appeal in this case. See 101 S. C. 499, and 107 S. C. 115. The action was for the possession of personal property, claimed under a chattel mortgage given to plaintiff by defendant. Defendant denied all the allegations of the complaint, and alleged that the parties had had dealings with each other for a number of years, and that payments had been made for which credit had not been given, and that plaintiff had overcharged defendant. The pleadings were not verified.

Plaintiff gave due notice, under the provisions of section 4001, vol. I, Civil Code, that he would offer in evidence

the original mortgage, without formal proof of its execution, on the ground that the subscribing witness had removed to and was residing at Florence, ninety miles from the place of trial.    That section provides that the production (without other proof) of original instruments of writing (other than wills) which are required by law to be recorded, when duly recorded, and the record thereof has been certified by the recording officer, shall be *prima facie* evidence of their execution and recording, provided ten days' notice be given of intention to so introduce them; and section 4002 provides that section 4001 shall not apply, when such an instrument is attacked on the ground of fraud in its execution, provided ten days' notice of such ground be given by pleading or otherwise, duly sworn to.    Defendant gave no notice of his intention to attack the mortgage on the ground of fraud in its execution.    On the contrary, the mortgage had been introduced at each of the former trials without any intimation or suggestion of any fraud in its execution.    Moreover, the defendant himself testified at both the former trials and at this trial that he executed the mortgage without intimating that there was any fraud in its execution. His contention has been throughout the litigation that it covered all his indebtedness to plaintiff, while plaintiff's contention has been that it did not include a balance of $275 due him on a real estate mortgage which he held against defendant.    It follows, that there was no error in allowing plaintiff to put the mortgage in evidence, without formal proof of its execution by the subscribing witness.

Plaintiff testified that the real estate mortgage was given to him in 1906, and the amount due thereon, in 1910, was about $875.    At that time defendant sold part of the land, with his consent, for $600, and that amount was paid on the real estate mortgage, leaving a balance due thereon of $275; that from year to year, for a number of years, he had advanced money to defendant to make his crops, or had assisted him to get it by endorsing his note at bank, and

defendant had secured him by giving him chattel mortgages; that the mortgage given each year included any unpaid balance due on the mortgage of the previous year, and that, on February 11, 1913, they had a settlement, and it was found that defendant owed him a balance of $314.82, which included all that defendant owed him at that time, except the balance of $275 on the principal of the real estate mortgage debt; that the mortgage under which the property herein sued for is claimed was given for that sum; and that sometime later, on March 3, 1913, defendant made arrangements to borrow money from a bank at Orangeburg on his real estate, and paid him $314.82, of which amount he credited $275 on the real estate mortgage and marked it satified; and credited the balance, $39.82, on the chattel mortgage, and gave defendant receipts for those amounts, which defendant introduced in evidence. The receipt reads: "3-3-13. Received from Wm. Haynes two hundred seventy-five and no-100 dollars, full settlement of bond and mortgage of Wm. Haynes to me, dated April 12, 1906;" and "3-3-13. Received from Wm. Haynes thirty-nine and 82-100 dollars, to be credited on note and mortgage of Wm. Haynes to me for $314.82. Balance of $275 due October 1, 1913—$275 is all Haynes owes me on acct chattel mortgages or otherwise." Defendant admitted that these receipts were drawn up by his attorneys in their office and signed by plaintiff at the time the $314.82 was paid to him. Nevertheless, he testified that the chattel mortgage covered his entire indebtedness to plaintiff, and that the payment of $314.82 was in full satisfaction of it.

In order to show that the balance due on the real estate mortgage had been included in the chattel mortgage of February 11, 1913, defendant undertook to show that he had paid in full the chattel mortgage of $400 given to plaintiff in 1912, and introduced two receipts, one dated October 3, 1912, for $250, and one dated November, 1912, for $150. Plaintiff testified that defendant did not pay him $250 on

the mortgage of 1912, but that his books showed a payment of that amount on October 3, 1911, on the mortgage of that year, and that he gave defendant a receipt for it which was written with a lead pencil on a piece of brown paper, and that the date had been changed from 1911 to 1912.

The Court charged the jury in substance that the chattel mortgage showed *prima facie* that defendant owed plaintiff $114.82, and that the burden was upon defendant to prove that the debt had been paid; but that if he proved that so much was not due, and that he had in fact paid all that was due on the mortgage, their verdict should be in his favor.

Defendant preferred two requests to charge, which, together with the remarks of the Court thereupon to the jury, will be reported. The jury found a verdict for plaintiff, and from judgment thereon, defendant appealed.

The foregoing statement of the evidence, rulings and charge is sufficient to show that there is no merit whatever in the exceptions which will be reported.

Judgment affirmed.